IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary L. Wise,<br><br>               Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections; Jon E. Ozmint (Director); Bryan P. Stirling (Acting Agency Director); Gregory Knowlin (Warden); Michael J. Beinor (Physician); Allan C. Walls (Physician); Dr. Alewine; Benjamin F. Lewis (Physician); James E. Kay (Physician); and Jack M. Valpey (M.D. Physician), individually and in their official capacity,<br><br>               Defendants. | C/A No. 6:13-3414-RMG-KFM<br><br>**REPORT AND RECOMMENDATION**<br><br>*for partial disposition* |

## **Background**

This *pro se* Plaintiff brings a civil action seeking damages related to his prior incarceration within a South Carolina Department of Corrections' ("SCDC") prison.[1] Am. Compl. [Doc. 30 at 1–5; Doc. 30-3 at 1–4.] He alleges that from 2004 until 2010 he was housed in a prison with other inmates who had staph infection and the prison's conditions were so unsanitary that he contracted staph infection from other inmates. [Doc. 30-3 at 3.] Specifically, he alleges the toilets overflowed spilling feces, blood, and urine on the cell floor during the night, and he had to clean it the next day thereby coming into contact with

---

[1] In the original Complaint, Plaintiff named one defendant, SCDC. [Doc. 1.] On December 30, 2013, this court recommended summary dismissal because SCDC has Eleventh Amendment immunity from this lawsuit. [Doc. 10.] In opposition to the report and recommendation, Plaintiff filed several documents [Docs. 12, 13, 14] seeking to add defendants. On January 10, 2014, United States District Judge Richard M. Gergel entered an order [Doc. 15] remanding the case for further proceedings and declining to adopt the report and recommendation for summary dismissal. Thereafter, this court directed Plaintiff to file a proposed Amended Complaint [Doc. 19], and to bring this action into proper form with regard to the newly added defendants [Doc. 28], which he did.

other inmates' feces, blood, and urine that could have been infected with numerous diseases. *Id.* Further, he alleges he was exposed to noxious and deadly odors coming from the overflowing toilets. *Id.* Plaintiff seems to allege that he was exposed daily to such unsanitary conditions and that he contracted staph infection as a result. *Id.* He alleges that to this day he is being treated by doctors for staph infection and taking medicines to "combat" it. *Id.* at 4. Plaintiff alleges that he "informed those in authority of these deadly and unsafe conditions of confinement. . . ." [Doc. 30 at 3.] Further, he alleges he was denied urgent medical care. *Id.* Plaintiff seems to allege that Defendants—Michael J. Beinor (Physician); Allan C. Walls (Physician); Dr. Alewine; Benjamin F. Lewis (Physician); James E. Kay (Physician); and Jack M. Valpey (M.D. Physician) ("the six doctors")—were employed by or worked for SCDC [Doc. 30-3 at 2]. Based on these facts, he alleges his constitutional rights were violated, and he seeks damages. [Doc. 30 at 5; Doc. 30-3 at 2, 4.]

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per*

*curiam*). However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

SCDC should be dismissed from this action based on Eleventh Amendment immunity. "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact. . . .'" *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637-38 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.* at 1637 n.1. *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court, which South Carolina has not done. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

Here, Plaintiff sues the SCDC for damages alleging violations of his constitutional rights. SCDC is a state agency, and state agents also have Eleventh Amendment immunity from suit in this court. *See Gilliland v. Bd. of Educ. of Charles Cnty.*, 526 F. App'x 243 (4th Cir. 2013) (Eleventh Amendment immunity protects state agents and state instrumentalities); *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978) (finding that the SCDC is a state agency entitled to Eleventh Amendment immunity).

The six doctors should be dismissed because Plaintiff fails to state a plausible claim on which relief may be granted. Plaintiff names the six doctors as Defendants presumably because he alleges they were deliberately indifferent to his serious medical needs when they denied him urgent medical care. No further factual allegations are provided against the six doctors. Prison officials are required to provide prisoners with constitutionally adequate medical care for serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *De'lonta v. Johnson*, 708 F.3d 520, 525–26 (4th Cir. 2013). A plaintiff alleging such a claim is required to allege acts or omissions on the part of prison officials harmful enough to constitute deliberate indifference to his serious medical needs. *Goodman v. Johnson*, 524 F. App'x 887 (4th Cir. 2013). A plaintiff must allege facts to show a defendant "'actually knew of and disregarded a substantial risk of serious injury . . . or that they actually knew of and ignored a . . . serious need for medical care.'" *Id.* (citation omitted). Although the court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). *See also Francis v.*

4

*Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  Here, other than a bare allegation that he contracted staph infection in prison and was denied urgent medical care, Plaintiff fails to allege any facts, dates, or injuries whatsoever relating to acts or omissions by the six doctors.  He did not articulate any facts to indicate that he was denied urgent medical care except that conclusory statement.  *See Hodge v. Gansler*, 547 F. App'x 209 (4th Cir. 2013) (a *pro se* litigant "must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief").  Because Plaintiff did not plead sufficient factual allegations to state a plausible claim against the six doctors, those Defendants should be dismissed.

Finally, SCDC Director Jon E. Ozmint ("Ozmint") and Acting Agency Director Bryan P. Stirling ("Stirling") should be dismissed because Plaintiff fails to state a plausible claim on which relief may be granted.  He alleges no factual allegations against them to indicate their personal involvement in the denial of his constitutional rights.[2]  If Plaintiff is suing them because they were supervisors or managers of a person who allegedly committed misconduct, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions.  *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a

---

[2] This court authorized service of process of the Amended Complaint on Gregory Knowlin (Warden) because Plaintiff alleges facts to indicate his prison conditions were unsafe or unhealthy and that he informed those in authority about the problems.  Liberally construed, Plaintiff plausibly alleges that he informed the warden of the prison of the problems because the warden would have been at the prison and the senior person with authority on site.

5

respondeat superior theory of liability."). Therefore, Ozmint and Stirling should be dismissed.

### Recommendation

It is recommended that the district court dismiss from this action all Defendants, except Gregory Knowlin, without prejudice and without issuance and service of process. This action remains pending, and service of process is authorized for Defendant Gregory Knowlin. Plaintiff's attention is directed to the important notice on the next page.

<u>s/Kevin McDonald</u>

April 14, 2014  
Greenville, South Carolina

Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).