IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary L. Wise, ) | |
| ) | No. 6:13-cv-3414-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| South Carolina Department of Corrections; ) | |
| Jon E. Ozmint (Director); Bryan P. ) | |
| Stirling (Acting Agency Director); ) | |
| Gregory Knowlin (Warden); Michael J. ) | |
| Beinor (Physician); Allan C. Walls ) | |
| (Physician); Dr. Alewine; Benjamin F. ) | |
| Lewis (Physician); James E. Kay ) | |
| (Physician); and Jack M. Valpey (M.D. ) | |
| Physician), individually and in their official ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss from this action all defendants, except for Gregory Knowlin, without prejudice and without issuance and service of process. (Dkt. No. 37). As set forth below, the Court adopts the R&R in part.

**Background**

Plaintiff, proceeding pro se and *in forma pauperis*, brings this civil action for damages under 42 U.S.C. § 1983 arising from the conditions of his confinement at the Turbeville Correctional Institution and alleged inadequate medical care. (Dkt. No. 30). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of the complaint pursuant to the provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319 (1980);

1

*Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). After conducting this initial review, the Magistrate Judge issued the present R&R. (Dkt. No. 37). Plaintiff then filed objections to the R&R. (Dkt. No. 41).[1]

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court agrees that this action should be dismissed without prejudice and without issuance and service of process as to Defendants South Carolina Department of Corrections ("SCDC") and Defendants Beinor, Walls, Alewine, Lewis, Kay, and Valpey. However, the Court finds that service should issue as to Defendants Ozmint and Stirling.

The Court agrees that Defendant SCDC must be dismissed because it is immune from a suit for damages pursuant to the Eleventh Amendment. *Belcher v. S.C. Bd. of Corr.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978). Further, the Court agrees that the six doctor defendants must be dismissed because Plaintiff fails to state a plausible claim against them for deliberate

---

[1] Plaintiff labels his response to the R&R as a "motion for judgment on the pleadings" and "motion to strike" the R&R. (Dkt. No. 41). However, a review of the response indicates that this filing is properly considered an objection to the R&R. To the extent Plaintiff's response is a motion seeking other relief, the motion is denied.

2

indifference. Plaintiff's allegations are only conclusory in nature, specifically, that "he was denied urgent medical care." (Dkt. No. 30 at 3). Plaintiff's objections do no more to specify how these doctors were constitutionally indifferent to his medical needs.

However, liberally construed, the Court finds Plaintiff's claims against Defendants Ozmint and Stirling should not be dismissed. Similar to his allegations against Warden Knowlin, Plaintiff asserts he made Ozmint and Stirling aware of the conditions of his confinement and they ignored the serious risks to his health. *See Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004). The Court finds these allegations are sufficient to warrant service of the complaint on Defendants Ozmint and Sterling.[2]

## Conclusion

As set forth above, the Court adopts the R&R in part. (Dkt. No. 37). Specifically, the Court agrees that this action should be dismissed without prejudice and without issuance and service of process as to Defendants SCDC and Defendants Beinor, Walls, Alewine, Lewis, Kay, and Valpey. However, the Court finds that service should issue as to Defendants Ozmint and Stirling.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 8, 2014
Charleston, South Carolina

---

[2] The Magistrate Judge has already ordered that the complaint be served on Defendant Knowlin. (Dkt. No. 36).

3