IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gary L. Wise, ) | |
| ) | Civil Action No. 6:13-3414-RMG-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Director Jon E. Ozmint, ) | |
| Bryan P. Stirling, and ) | |
| Warden Gregory Knowlin, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the remaining defendants' motion for summary judgment (doc. 64) and the plaintiff's motion for summary judgment (doc. 75). The plaintiff, a former state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

## BACKGROUND

On December 11, 2013, the plaintiff filed a complaint against the South Carolina Department of Corrections ("SCDC") alleging that his Eighth Amendment rights were violated based on the prison conditions he was exposed to while he was incarcerated from 2004 to 2010 (doc. 1). The plaintiff filed an amended complaint on February 7, 2014, naming as additional defendants Ozmint, the Former Director of the SCDC; Stirling, the current Director of the SCDC; Knowlin, the Warden at Turbeville Correctional Institution


("TCI") during the time frame at issue; and six physicians (doc. 30). On April 14, 2014, the undersigned authorized issuance and service of process as to defendant Knowlin (doc. 36). On May 8, 2014, the Honorable Richard M. Gergel, United States District Judge, dismissed the action without prejudice and without issuance and service of process against defendants SCDC and the six physicians. Service was authorized as to defendants Ozmint and Stirling (doc. 42). The remaining defendants, Knowlin, Ozmint, and Stirling, filed a motion for summary judgment on September 25, 2014 (doc. 64). The undersigned issued a *Roseboro* order (doc. 65) the same date to apprise the plaintiff of summary judgment procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). On December 12, 2014, the plaintiff filed his response to the motion for summary judgment, which also included his own motion for summary judgment (doc. 75).[1] The defendants filed their response in opposition to the plaintiff's motion on January 2, 2015 (doc. 77), and the plaintiff filed a reply on January 15, 2015 (doc. 79).[2]

## FACTS PRESENTED

The plaintiff alleges as follows in his amended complaint (verbatim):

While incarcerated at Turbeville Correctional Institution from 2004-2010, the plaintiff was exposed daily to a toilet in his cell which backed up and overflowed all times of day and night while the plaintiff was sleeping spilling feces urine and human blood onto the cell floor filling the cell with noxious and deadly odors. Plaintiff was forced to be locked in the cell breathing all night long these noxious and deadly odors plaintiff was exposed to other inmates who was infected with staph infection/MRSA. Plaintiff contracted these deadly diseases. Plaintiff informed those in authority of these deadly and unsafe conditions of confinement and plaintiff was denied urgent medical care.

---

[1] The Clerk's Office docketed the document only as a motion for summary judgment.

[2] The Clerk's Office docketed the plaintiff's reply to the defendants' response to his motion as the plaintiff's initial response to the defendants' motion for summary judgment (*see* doc. 79).

(Doc. 30 at 3).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Summary judgment is not "a disfavored procedural shortcut" but an important mechanism

for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

The defendants argue that the plaintiff's Section 1983 claims are barred by the applicable statute of limitations. The undersigned agrees. In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 265–80 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at S.C. Code Ann. § 15-3-530 (Westlaw 2015), which establishes a three-year limitations period.

The plaintiff's complaint was filed on December 11, 2013 (doc. 1). As the plaintiff was not a prisoner at the time of the filing of his complaint, *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court) does not apply.

The plaintiff's complaint and amended complaint allege only a very vague time frame of "2004-2010" as to when the alleged constitutional violations occurred (doc. 30 at 3; doc. 30-3 at 3). As acknowledged by the plaintiff in his complaint (doc. 30-3 at 2), he filed a grievance related to the same issues alleged here (grievance number TCI-0359-06) on April 6, 2006. According to the affidavit of Michelle White, an Inmate Grievance Administrator with the SCDC, the plaintiff filed a Step 2 grievance in response to the initial disposition, and then appealed the Step 2 disposition to the South Carolina Administrative Law Court (doc. 64-2, White aff. ¶¶ 2-6). Attached to Ms. White's affidavit are copies of the SCDC records related to the plaintiff's administrative claims, including the Order of Dismissal issued by Chief Judge Marvin Kittrell on July 3, 2008. Therefore, to the extent the issues raised by the plaintiff in grievance number TCI-0359-06 constitute viable Section 1983 claims, the three year statute of limitations applicable to said claims began to run when his administrative remedies were exhausted on July 3, 2008, and expired on July 3,

2011. *See Saucillo v. Samuels,* C.A. No. 0:12-cv-240-TMC, 2013 WL 360258, at *2 (D.S.C. Jan. 30, 2013) (adopting the reasoning of other circuits and tolling the statute of limitations in a Section 1983 case while the plaintiff exhausted administrative remedies). As noted above, the plaintiff filed his complaint on December 11, 2013. Accordingly, these claims are barred by the statute of limitations.

To the extent the plaintiff is seeking to state other claims relating to the conditions of his confinement or similar claims relating to malfunctioning plumbing in his cell that occurred subsequent to the submission of grievance number TCI-0359-06, any such claims are also time-barred. According to the affidavit of Stephanie Willis, the Assistant Division Director of Inmate Records Office for the SCDC, the plaintiff was released from TCI and SCDC on March 1, 2010 (doc. 64-3, Willis aff. ¶¶ 3-4). Accordingly, any such claims arising during the plaintiff's incarceration could not be timely as the plaintiff's complaint was filed over three years and nine months after his release from prison.

As the plaintiff's claims are time-barred by the applicable statute of limitations, this action should be dismissed.[3]

## CONCLUSION AND RECOMMENDATION

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the defendants' motion for summary judgment (doc. 64) be granted and the plaintiff's motion for summary judgment (doc. 75)[4] be denied. The Clerk's Office is directed to correct the docket to show that document 75 is both the plaintiff's motion for summary judgment and his response to the defendants' motion for

---

[3] As the undersigned recommends that summary judgment be granted based upon the applicable statute of limitations, the defendants' remaining arguments for dismissal will not be addressed at this time.

[4] The plaintiff also captioned his motion for summary judgment (doc. 75) as a motion to strike pursuant to Federal Rule of Civil Procedure 12(f). However, the defendants' motion for summary judgment is not a "pleading" subject to the provisions of Rule 12(f).

summary judgment and document 79 is the plaintiff's reply to the defendants' response to his motion for summary judgment.  The attention of the parties is directed to the notice on the next page.

        IT IS SO RECOMMENDED.

                                    s/ Kevin F. McDonald
                                    United States Magistrate Judge

June, 2 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).