IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary L. Wise, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:13-cv-3414-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Director Jon E. Ozmint, Bryan ) | |
| P. Stirling, and Warden Gregory ) | |
| Knowlin, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 82) recommending that this Court grant the Defendants' Motion for Summary Judgment (Dkt. No. 64), deny the Plaintiff's Motion for Summary Judgment (Dkt. No. 75), and dismiss the case. The Court hereby adopts the R&R.

Plaintiff is a former inmate who alleges that his Eighth Amendment rights were violated based on prison conditions he was exposed to while incarcerated from 2004 to 2010. He sues pursuant to 42 U.S.C. § 1983; his Amended Complaint states that while incarcerated at Turbeville Correctional Institution in Turbeville, SC, from 2004-2010, the plaintiff "was exposed daily to a toilet in his cell which backed up and overflowed . . . plaintiff was exposed to other inmates who was infected with staph infection/MRSA. Plaintiff contracted these deadly diseases. Plaintiff informed those in authority of these deadly and unsafe conditions of confinement and plaintiff was denied urgent medical care." (Dkt. No. 30 at 3). Plaintiff was released from prison in March 2010 and filed this action in December 2013. (Dkt. No. 82 at 4).

As Defendant points out, the statute of limitations for Section 1983 claims is determined by the applicable statute of limitations for general personal injury claims in the state where the

claim is filed. In South Carolina, this limit is three years. S.C. Code Ann. § 15-3-530. The date of accrual (when a cause of action commences) is determined by federal law, which the Fourth Circuit has defined as the moment when "the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *A Society without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1991). Defendant has filed copies of documents showing that Plaintiff was well aware of the infections he was exposed to in prison as early as October 2007, when he filed a complaint in Administrative Law Court complaining of the toilet situation and his MRSA/staph infection and the alleged insufficient treatment. (Dkt. No. 64-2 at 6-8). Even if the injuries complained of lasted until the final day of his incarceration, the complaint was still filed nine months past the statute of limitations, and the action is therefore time barred.

Plaintiff has filed objections, arguing that because he continues to experience the illnesses he contracted while in prison to the present day, the injuries are continuous and his lawsuit is timely. (Dkt. No. 84). However, as explained above, the Fourth Circuit has adopted a test for accrual of claims of knowledge or constructive knowledge of harms, not "continuous" harms.[1]

The Court has reviewed the R&R, the full administrative record in this matter, Plaintiff's objections, and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately determined that the case should be dismissed. Therefore, the Court hereby **adopts** the R&R (Dkt. No. 82) as the order of

---

[1] Even if this position were construed as a tolling argument, the South Carolina Supreme Court has rejected a rule that would allow lawsuits to be filed at any time during the injury *resulting* from a tort rather than within three years of the actual injurious *behavior* ending. *Harrison v. Bevilacqua*, 354 S.C. 129, 138 (2003) (describing other states' adoption of the continuous treatment rule as "a judicial effort to soften the harshness of the statutory accrual rule" and refusing to judicially legislate in this area, explaining that "we find judicial adoption of the continuous treatment rule would run afoul of the absolute limitations policy the Legislature has clearly set via the statutes discussed above.").

2

this Court, **denies** Plaintiff's Motion for Summary Judgment (Dkt. No. 75), **grants** Defendants' Motion for Summary Judgment (Dkt. No. 64), and **dismisses** the case.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 24, 2015
Charleston, South Carolina

3